JOSHUA KIENITZ, Bar No. 244903
jkienitz@littler.com
JORDAN E. GOLDSCHMIDT, Bar No. 317797
jgoldschmidt@littler.com
LITTLER MENDELSON P.C.
333 Bush Street, 34th Floor
San Francisco, California 94104
Telephone: 415.433.1940
Fax No.: 415.399.8490

Attorneys for Defendants
PACIFIC GAS AND ELECTRIC COMPANY, DANIEL CAMPBELL, RYAN HARRIMAN, DONNIE HUMPHREYS, PAULA JEAN, and ROBERTA PENA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA MARIE GOERSS,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, DANIEL CAMPBELL, RYAN HARRIMAN, DONNIE HUMPHREYS, PAULA JEAN, ROBERTA PENA,<br><br>Defendants. | Case No. 3:21-cv-04485-EMC<br><br>**DECLARATION OF JENNIFER DONAT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[F.R.C.P. 12(b)(6)]**<br><br>Date: October 7, 2021<br>Time: 1:30 p.m.<br>Courtroom: 5, 17th Floor<br><br>FAC Filed: July 22, 2021<br>Complaint Filed: June 7, 2021 |

LITTLER MENDELSON P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DECLARATION OF JENNIFER DONAT

CASE NO. 3:21-CV-04485-EMC

**DECLARATION OF JENNIFER DONAT**

I, Jennifer Donat, declare as follows:

1. I am an adult over the age of 18 and a resident of the state of California. The information set forth herein is true and correct of my own personal knowledge (unless otherwise stated) and if asked to testify thereto, I would do so competently.

2. I am employed by PG&E as the Manager of Paralegal Programs. I have been in this role since September 16, 2019. In addition to managing the paralegal department and work performed in the department, I provide paralegal support and assist both in-house and outside counsel with a range of information, records, and document requests related to lawsuits, arbitrations, and administrative/government agency charges, petitions and proceedings. In relation to administrative/government agency charges, I work with Law Information Services and our internal team to identify (i) what PG&E receives from a government agency, (ii) when such document or information was sent to PG&E by that government agency, and (iii) by what method such document or information was sent to PG&E by a government agency.

3. When PG&E is sent, provided or served with a document by a government agency in paper/hard copy form, PG&E's practice is to retain a copy (a scanned PDF) of both the contents of the mailing (the charge, notice, or letter from the agency) and a copy of the envelope (including postmark date) showing the method and date of transmission to PG&E (and the specific internal addressee at PG&E).

4. PG&E's practice is similar when PG&E sends a response (such as a position statement or a response to a records request) to a government agency in paper/hard copy format, *i.e.*, PG&E retains, together, a scan of both the letter, position statement or other documentation provided and (if it is sent by Federal Express, for example) a copy of the FedEx envelope and tracking number.

5. As it relates to EEOC Charge No. 550-2019-01879 (Charging Party Christina M. Goerss), the attached (all four pages of Exhibit A to this declaration) is what exists in PG&E's records. Page 4 of Exhibit A is a scan of the envelope, postmarked April 2, 2020, that contained the right-to-sue notice on pp. 1-3 of Exhibit A. As reflected in the "cc" field at the bottom of page 1 of Exhibit A, this notice was sent to "Stacy A. Campos, Director, PACIFIC GAS AND ELECTRIC COMPANY,

LITTLER MENDELSON P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DECLARATION OF JENNIFER DONAT    1.    CASE NO. 3:21-CV-04485-EMC

P.O. Box 7442, San Francisco, CA 94105." Ms. Campos is the Managing Counsel for the Employment, HR and Labor Departments. As discussed above, Exhibit A, an official notice sent to PG&E by a government agency in hard copy, was scanned, saved and filed (in PDF form) including the envelope that contained the hard copy document. The purpose of this filing system, again, is so that PG&E's Law Department can confirm information relating to what PG&E received, when and by what means from a government agency in hard copy, when I research the file in a case (for in-house or outside counsel).

6. I have previously confirmed, and hereby again confirm, that the document attached hereto as Exhibit A is what PG&E received, after the postmark date of April 2, 2020, from the EEOC regarding Charge No. 550-2019-01879 (Goerrs). Pages 1-3 of Exhibit A are the EEOC's right-to-sue letter to Ms. Goerss; PG&E is copied (through Stacy Campos) as shown on page 1; and page 4 of Exhibit A is a scan of the empty envelope, showing the postmark date (April 2, 2020) and sender (the San Francisco office of the EEOC).

7. To provide full detail regarding the timeline of PG&E's receipt of Exhibit A during a time period (which includes April 2020) when PG&E's offices were largely shut down (few to no personnel physical present) due to the onset of the COVID-19 pandemic:

    a. Exhibit A was first scanned into a PDF on or around Monday June 22, 2020, by PG&E law department mailroom staffer Lawrence Shields. Exhibit A (in a PDF then entitled "20200615132225.pdf") was emailed to Helen Jorgenson (Stacy Campos' assistant) on the same day, in exactly the same 4-page form as Exhibit A hereto.

    b. Exhibit A was sent by Ms. Jorgenson to several individuals, including PG&E counsel Phil Simpkins, on June 24, 2020, also by email. Ms. Jorgenson's email of June 24, 2020, is attached hereto as Exhibit B. In relevant part, Ms. Jorgenson correctly observed in Exhibit B: "This is an EEOC case closure and right to sue issued on 4/2/20 (date of envelope-EEOC didn't date the notice)." The PDF attached to Ms. Jorgenson's email (Exhibit B) was identical to the four-page Exhibit A hereto, except the title of the PDF attached to Ms.

LITTLER MENDELSON P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DECLARATION OF JENNIFER DONAT    2.    CASE NO. 3:21-CV-04485-EMC

Jorgenson's email was: "2020402_Christina Goerss-EEOC Notice of Right to Sue and Case Closure (00183389x9FFFB).PDF".

8. I have read the foregoing declaration and I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on October 12th, 2021, in Lafayette, California.

_____
JENNIFER DONAT

4840-0345-8814.1 / 101443-1078

LITTLER MENDELSON P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DECLARATION OF JENNIFER DONAT   3.   CASE NO. 3:21-CV-04485-EMC

# EXHIBIT A

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Christina M. Goerss<br>1565 Anderson Ave<br>Mckinleyville, CA 95519 | From: | San Francisco District Office<br>450 Golden Gate Avenue<br>5 West, P.O. Box 36025<br>San Francisco, CA 94102 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2019-01879 | Malinda K. Tuazon, Investigator | (415) 522-3126 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)     William R. Tamayo,<br>District Director     *(Date Mailed)*

cc:   Stacy A. Campos<br>Director<br>PACIFIC GAS AND ELECTRIC COMPANY<br>P.O. Box 7442<br>San Francisco, CA 94105

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than **2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA): The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- The limitations from the impairment no longer have to be severe or significant for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "major life activities" now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- Only one major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, the beneficial effects of "mitigating measures" (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) are not considered in determining if the impairment substantially limits a major life activity.
- An impairment that is "episodic" (e.g., epilepsy, depression, multiple sclerosis) or "in remission" (e.g., cancer) is a disability if it would be substantially limiting when active.
- An impairment may be substantially limiting even though it lasts or is expected to last fewer than six months.

"Regarded as" coverage:
- An individual can meet the definition of disability if an employment action was taken because of an actual or perceived impairment (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT OFFICE
THE PHILLIP BURTON FEDERAL BUILDING
450 GOLDEN GATE AVE. 5 WEST
PO BOX 36025
SAN FRANCISCO, CA  94102-3661

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

OAKLAND
CA 945
02 APR '20
PM 7 L
AN EQUAL OPPORTUNITY EMPL(

U.S. POSTAGE >> PITNEY BOWES

ZIP 35205     $ 000.50⁰
02 4W
0000361493 MAR 17. 2020

# EXHIBIT B

| | |
|---|---|
| **From:** | Jorgenson, Helen (Law) <████@pge.com> |
| **Sent:** | Wednesday, June 24, 2020 4:49 PM |
| **To:** | {EXTERNAL} Simpkins, Philip; U'u, Tauvela (Law) |
| **Cc:** | Purdy, Scott (Law) |
| **Subject:** | Christina Goerss; EEOC Notice of Case Closure and Right to Sue |
| **Attachments:** | 2020402_Christina Goerss-EEOC Notice of Right to Sue and Case Closure (00183389x9F4FB).PDF |

Hi Phil and Vela. For your information, I was forwarded the attached from the copy room in one of the law department's U.S. mail runs Monday. Due to COVID restrictions, there has been a delay in the law department receiving U.S. mail.

This is an EEOC case closure and right to sue issued on 4/2/20 (date of envelope-EEOC didn't date the notice). We received the No Action Required Notice back in 3/18/20 (logged into TeamConnect). Worldox is up to date with all of the documents including this one. I don't see a sharepoint for it.

Scott, This is an EEOC charge that came in on 3/18/20 and was added to TeamConnect. It was a no action required EEOC notice. Can you add a closed date on 4/2/20 in TeamConnect ████

Thank you!

Helen
925-████